CAVANAUGH v. MICHIGAN CENTRAL RAILROAD CO.

JUDGMENT—RES JUDICATA—PLEADING—NEW TRIAL.

> In an action against a railroad company for damages for personal injuries sustained in a crossing accident due to plaintiff's horse becoming frightened at the blowing of the whistle of defendant's train, and stopping on the track and refusing to go ahead until too late, the decision of the Supreme Court, in a former action upon the identical facts, that the blowing of the whistle was not a negligent act is *res adjudicata*, although the blowing of the whistle was not specifically charged as 'negligence in the first action, but the negligence relied upon was the excessive speed of the train operating concurrently with the sounding of the whistle which frightened the horse, since a determination that the blowing of the whistle was an innocent act was essential to sustain the legal conclusion arrived at and was consequently necessarily involved in the case, whether pleaded or not.

Error to Kent; Brown, J. Submitted October 23, 1916. (Docket No. 21.) Decided March 30, 1917.

Case by Bert Cavanaugh against the Michigan Central Railroad Company for personal injuries. Judgment for defendant on a directed verdict. Plaintiff brings error. Affirmed.

*Lombard, Hext & Washburn,* for appellant.

*Wilson & Johnson (Stuart E. Knappen,* of counsel), for appellee.

STEERE, J. A review and reversal of this case on a former trial is found reported in 175 Mich. 156 (141 N. W. 539), where a statement of its nature and essential facts renders it unnecessary to detail them at length here. In outline, plaintiff sustained injuries on the morning of April 24, 1910, in a highway cross-

ing accident on defendant's tracks in the suburb of the city of Kalamazoo. He was riding alone in an inclosed box-topped milk wagon drawn by a single horse, driving southwesterly along a street which intersected defendant's tracks somewhat diagonally, and, having satisfied himself by looking and listening as he approached the crossing that it was safe to proceed, he drove on, but when his horse was just stepping upon the first eastbound track a train appeared coming from the west around a curve. Thinking he had ample time to get across, he attempted to proceed, and would have crossed in safety had not his horse become frightened at the danger alarm the engineer sounded as the train approached, and stopped upon the track, dancing up and down and refusing to go ahead until just as the train reached them, when it sprang forward, too late to avoid the engine striking the rear wheel of plaintiff's milk wagon, demolishing it, and seriously injuring him.

On the first trial the danger signals blown by the engineer were not specifically charged as negligence, the negligence principally relied on apparently being the excessive speed of the train operated concurrently with sounding the whistle which frightened the horse, and the case was submitted to the jury upon that theory, the trial court charging:

"The act of blowing the whistle was not negligence, as I have said, and if that act was the sole cause of the injury, the defendant would not be to blame, and plaintiff cannot recover. If, however, the defendant was guilty of negligence in running its train at a higher rate of speed than 10 miles an hour at the time of the accident, and that fact, with the other fact of blowing the whistle, together produced the injury, the defendant would be liable for any such acts, and the running of the train at a high rate of speed would be the proximate cause."

Plaintiff had testified that he would have got across

the track safely were it not for the terrific blowing of the whistle by the engineer, which so frightened his horse that it stopped and refused to go ahead, thus preventing him from getting over the track and out of danger in time. Referring to this, defendant requested the court to charge that:

"According to plaintiff's testimony, the blowing of the whistle was therefore the proximate cause of the injury. The blowing of the whistle was not a negligent act, and therefore the plaintiff cannot recover, and your verdict must be no cause of action."

The request was refused, although the court told the jury that the act of blowing the whistle was not negligence. If it was not negligence, the frightening of the horse was not chargeable to a wrongful act, and this court said in the majority opinion:

"If plaintiff's horse had been frightened by a newspaper blowing about its head or feet, or if the delay in passing over the track had been occasioned by any other cause not chargeable to a wrongful act of defendant, the principle involved would be the same. * * * He [plaintiff] did not cross it in safety, because, having passed upon the track into a place of danger, his horse refused to proceed. It was the frightened horse and its performance, and not the speed of the train, which was the proximate cause of the plaintiff's injury."

In their application made to this court for a rehearing upon that decision, which was denied, plaintiff's counsel said in part:

"The defendant was responsible for the fright of the horse. The fright of the horse was produced solely by the conduct of defendant. The defendant was committing a negligent act at the time (excessive speed of train), which continued and concurred in producing the injury. Without the negligent act the injury would not have occurred. The defendant being the author of both the innocent and the negligent act, the two concurring, must be held responsible for the result."

And they now say:

"It must be borne in mind that we, too, were bound, in view of the pleadings, to consider for the purposes of that trial, and the judgment there appealed from, that the act of blowing the whistle was not negligence."

It is claimed by defendant that admissions of this nature in connection with the position taken by plaintiff's counsel upon the first trial estopped him from claiming upon the second trial that blowing the whistle was a negligent act. On the first trial plaintiff had not counted upon blowing the whistle as negligence, and assumed for the purpose of argument that it was not; but we are unable to find by an examination of the record of that trial any direct admission of plaintiff's counsel that it was innocent, and it is said in their brief upon that appeal:

"While the plaintiff has not alleged in his declaration that the blowing of the whistle in the manner in which it was blown was a negligent act, we cannot and do not concede that it was not a negligent act in view of the circumstances and conditions existing at the time."

Before the case was again brought to trial, plaintiff was allowed to amend his declaration by adding to the charges of negligence previously made an allegation of duty to refrain from blowing the whistle in such manner as to frighten the horse, causing it to stop while on the track, and a violation of that duty.

Upon the second trial, now here for review, no testimony was introduced. At conclusion of the opening statement of plaintiff's counsel to the jury, defendant's counsel moved for a directed verdict on the ground that, conceding all the stated facts to be true and proven, plaintiff would not be entitled to recover because estopped from setting up the blowing of the whistle as an act of negligence, it being inconsistent

with the position taken on the first trial; that the statute of limitations had run against the action as then pleaded, and by the prior decision of this court, in the same case, blowing the whistle in the manner and under the circumstances shown is not in law a negligent act, for which reason that question is *res adjudicata.*

In answer to an inquiry by the court whether it was expected to prove upon the second trial precisely the same facts as appeared upon the first, plaintiff's counsel said:

"In this case there is not a change of fact anywhere. This same thing (referring to blowing the whistle), and the same proofs will be in this trial that were in the other. We, simply through misapprehension of the law applicable to it, failing to charge the act as a negligent act. We proved the act. It is the same thing, with the only exception we charge it now as negligence."

After listening to the arguments of counsel upon said motion, the court reviewed at some length the questions raised, expressing views thereon with reasons therefor, and directed a verdict in defendant's favor, for reasons assigned in granting the motion, saying to the jury in part:

"It will not be necessary for me to state to you in detail the reasons why under the law the motion made by the defendant in my judgment is correct, but one point that they raise is that the former trial in this case, so far as this case is concerned, is *res adjudicata,* * * * and that the law as announced by the Supreme Court as the law in this case finally disposes of the case."

It is contended for plaintiff that the former opinion "nowhere contains any assertion that the blowing of the whistle was not negligent"; that it had not then been declared upon as such or put in issue by the pleadings, and was not *res adjudicata,* because only

matters in issue become such by rendition of judgment.

The facts in this case are conceded to be identical with those appearing in the former record. While not there declared upon, all the facts as to blowing the whistle were before the court, with the assertion in counsel's brief, "We cannot and do not concede that it was not a negligent act." The court was not acting under admissions of counsel for the sake of argument or dealing with a hypothetical case, but with the facts disclosed by the record, in finding that the fright and performance of the horse, attributable to blowing the whistle, was occasioned by a cause not chargeable to a wrongful act of defendant. A determination that it was an innocent act was essential to sustain the legal conclusion arrived at. That question was necessarily involved in the case, whether pleaded or not. After full consideration and discussion, both when first presented and on application for a rehearing, it was determined adversely to plaintiff by a majority opinion, which the trial court correctly construed. In this view of the case the other questions raised become unimportant.

The judgment is affirmed.

KUHN, C. J., and STONE, OSTRANDER, BIRD, MOORE, and BROOKE, JJ., concurred. PERSON, J., did not sit.